IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>**RICARDO BURNSIDE,**<br><br>　　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER MODIFYING MONTHLY RESTITUTION PAYMENT AMOUNT**<br><br>Case No. 2:10CR1077DAK<br><br>Judge Dale A. Kimball |

　　　　On April 22, 2016, the court received a letter from Defendant seeking termination of his restitution requirement due to his inability to pay. The court ordered the United States to respond to Defendant's request to terminate restitution and address whether the court has authority to terminate the remaining portion of Defendant's restitution and, if not, the appropriate adjustment that should be made to Defendant's payment schedule under the circumstances. The court also ordered the United States to certify to the court that the victims have been notified of this change in Defendant's circumstances. The United States responded on June 16, 2016, and certified that the victims have been notified of Defendant's change in circumstances.

　　　　The court only has authority to eliminate or reduce the total restitution amount that Defendant was ordered to pay as part of his sentence in very limited situations authorized by Congress. *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005). None of those limited situations apply in this case. The court, however, does have authority under 18 U.S.C. § 3664(k)

to modify Defendant's monthly restitution payments based on a change in economic circumstances that affects Defendant's ability to pay.

Defendant's letter to the court qualifies as notice of a material change in Defendant's economic circumstances under 18 U.S.C. § 3664(k) that affects his ability to pay restitution. Under § 3664(k), after the victims have been notified of Defendant's change in circumstances, which the United States has certified is the case, the court may adjust Defendant's payment schedule.

Defendant's Judgment states that he is to pay a minimum of $50 per month after he is released from incarceration or as otherwise determined by the U.S. Probation Office. Defendant is 63 years old and currently has $707 a month in income. His rent is $535 per month, and his gas and electricity payments range from $75 to $100 per month. Those payments leave Defendant with approximately $72 to $98 each month for medications, food, transportation, and items for personal hygiene, not including his restitution payments. When the court terminated Defendant's supervised release, it did so largely on information from Defendant's probation officer regarding Defendant's poor health and the fact that he diligently met the requirements of supervised release and made partial restitution payments despite the many demands on his health and finances. Many Defendants in his situation may stop paying restitution altogether. However, Defendant has diligently made payments. With less than $3 a day for food, transportation, medications, and items for personal hygiene, the court believes that Defendant's restitution payment should be significantly reduced.

If the court could terminate Defendant's restitution, it would. However, because the court

only has authority to modify Defendant's monthly restitution payments, the court orders that Defendant's monthly restitution amount is reduced to $2 per month.

DATED this 17th day of June, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge